J-S24033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF D.C., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: ERIE COUNTY | : | |
| CHILDREN AND YOUTH SERVICES | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 301 WDA 2025 |

Appeal from the Order Entered February 7, 2025
In the Court of Common Pleas of Erie County Orphans' Court at No(s):
No. 105 in Adoption 2024

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: October 7, 2025**

Erie County Children and Youth Services ("CYS") appeals from the order denying its petition for the involuntary termination of parental rights of D.L.C. ("Mother") to her biological son, D.C. ("Child"), born in January of 2020.[1] Because the orphans' court did not appoint separate legal counsel for Child during the involuntary termination of parental rights proceeding, we vacate the order and remand for a new hearing after legal counsel is appointed for Child.

Given the nature of our holding, we need only briefly review the background of this matter.  We note that the orphans' court thoroughly recounted the factual and procedural history of this case in its opinion

_____

[1] By separate order filed on February 24, 2025, the orphans' court involuntarily terminated the parental rights of Child's unknown father.  No appeal followed.

pursuant to Pa.R.A.P. 1925(a), which CYS adopts in its appellant's brief. **See** Orphans' Court Opinion, 4/7/25, at 2-12. Therefore, we will not fully reiterate the factual and procedural history herein.

Child was removed from Mother's custody and placed in the emergency protective custody of CYS in April of 2023, due to Mother then being homeless and "having a history of intellectual disabilities and mental health concerns and some concerns over domestic violence in her home and with relatives." N.T., 2/4/25, at 5-6. The juvenile court adjudicated Child dependent on May 9, 2023.

The court established Child's permanency goal as "reunification concurrent with adoption." Orphans' Court Opinion, 4/7/25, at 4 (citations to record omitted). The court afforded Mother supervised visitation with Child "at a minimum weekly," and Mother, in large part, attended the scheduled visits. **Id**. at 2-3, 5-6. Further, the court ordered Mother to comply with family service plan objectives related to housing, parenting skills, and obtaining support and/or treatment for her intellectual disabilities and mental health. **See id**. at 2-4 (citations to record omitted). In pursuing these goals, Mother was diagnosed with "bipolar II disorder and intellectual disability (intellectual developmental disorder), moderate" on August 10, 2023. **Id**. at 4 (citation to record omitted) (cleaned up).

The juvenile court conducted permanency review hearings at regular intervals in this case as required by the Juvenile Act. On March 27, 2024,

- 2 -

Child was transferred from his initial foster placement to a new one, for reasons which were not presented by the parties during the termination hearing. *See id*. at 6 (citation to record omitted). Thereafter, Child began displaying "minor behavioral concerns." *Id*. at 7.

Ultimately, on August 19, 2024, at the request of CYS, the juvenile court changed Child's permanency goal to adoption. *See id*. at 7 (citations to record omitted). By that time, Child had been diagnosed with "Adjustment Disorder with Mixed Anxiety and Depressed Mood." *Id*. at 9. The orphans' court cited the juvenile court summary from the August 19, 2024 permanency review hearing that Child "displays symptoms of anxiety and depression including grief and loss symptoms. The child's symptoms are negatively affecting his ability to function in life domains." *Id*. (internal quotation marks and citation to the record omitted).

On November 21, 2024, CYS filed a petition for the involuntary termination of Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8), and (b). The orphans' court appointed Catherine Allgeier, Esquire, as "legal counsel" for Child, who served as his guardian *ad litem* ("GAL") in the parallel dependency matter. Order, 12/4/24, at ¶ 3. The appointment order additionally provided that, should Attorney Allgeier "become aware of a conflict necessitating appointment of different separate counsel" to represent Child, Attorney Allgeier "shall file the appropriate

- 3 -

[m]otion for immediate appointment of a different separate counsel for" Child. *Id*.

The evidentiary hearing on the termination petition occurred on February 4, 2025. Child was five years old, and he was represented during the proceeding by Attorney Allgeier only, who advocated for his best interests. Following the close of evidence, the orphans' court permitted counsel for the parties to present closing arguments in open court, during which Attorney Allgeier stated, "it's my opinion that there is no real conflict of interest between [Child's] best interests and his legal interest here today[,] and that I can continue to represent him, both as his counsel and also look to what's in his best interest." N.T., 2/4/25, at 96. Attorney Allgeier concluded, "I do believe it is in [Child's] best interest to have the kind of permanency that he needs, and he shouldn't have to wait any longer for that." *Id*. at 97.

By order dated February 6, 2025, and entered on February 7, 2025, the orphans' court denied CYS's petition for the involuntary termination of Mother's parental rights. *See* Order, 2/7/25, at ¶ 1. Further, the court ordered CYS "to resume all services and visitation with Child that were in place for Mother prior to the change of goal on November 5, 2024."[2] Order, 2/7/25,

_____

[2] In its Rule 1925(a) opinion, the orphans' court sets forth August 19, 2024, as the date that the juvenile court changed Child's permanency goal to adoption. However, the subject order denying CYS's termination petition provides the date of November 5, 2024. It is unclear to this Court which date is accurate. However, it is undisputed that Child's goal change occurred months before the termination hearing.

at ¶ 2 (cleaned up). In addition, the court directed, *inter alia*, that "CYS shall schedule a permanency review of this case within three months of the date of this order." **See id**. at ¶ 4 (cleaned up). CYS filed a timely notice of appeal and a concise statement of errors complained of on appeal pursuant to Rule 1925(a)(2)(i) and (b), and the orphans' court authored a comprehensive Rule 1925(a) opinion.

On appeal, CYS presents various questions for review with respect to whether the orphans' court abused its discretion and/or erred in concluding that CYS failed to satisfy its evidentiary burden to terminate Mother's parental rights pursuant to section 2511(a)(1), (2), (5), (8), and (b). **See** CYS's Brief at 5, 8.

Attorney Allgeier has filed a participant's brief in support of CYS's appeal. She contends that the subject order is not in Child's best interests. **See** GAL's Brief at 6-16.

We must first address *sua sponte* the orphans' court's failure to appoint separate counsel to represent Child's best interests and legal interests. **See In re Adoption of K.M.G.**, 240 A.3d 1218, 1235 (Pa. 2020) (holding that "where an orphans' court has appointed a GAL/Counsel to represent both the child's best interests and legal interests, appellate courts should review *sua sponte* whether the orphans' court made a determination that those interests did not conflict").

In **K.M.G.**, our Supreme Court reiterated:

As we have previously recognized, "Section 2313(a) requires that the common pleas court appoint an attorney to represent the child's legal interest, *i.e.* the child's preferred outcome," and the failure to appoint counsel constitutes structural error in the termination proceedings. ***In re T.S.***, 648 Pa. 236, 192 A.3d 1080, 1082 (2018). We reiterate that an attorney appointed as counsel to represent a child's legal interests may also serve as the child's guardian *ad litem* ("GAL"), responsible for asserting the child's best interests, so long as the child's legal interests do not conflict with the attorney's view of the child's best interests. ***Id***.

***K.M.G.***, 240 A.3d at 1223–1224.[3] The ***K.M.G.*** Court explained that, "in fulfilling its duty under Section 2313(a) as construed by this Court, the orphans' court must determine whether counsel can represent the dual interests before appointing an individual to serve as GAL/Counsel for a child." ***Id***. at 1236.

Indeed, this Court has interpreted ***K.M.G.*** to hold, in part, that it is "the primary role of trial courts" to determine whether the appointment of "separate legal and best interests counsel" is required in contested involuntary termination proceedings. ***Matter of Adoption of A.C.M.***, 333 A.3d 704, 708 (Pa. Super. 2025) (citations omitted). In ***A.C.M.***, the order at issue appointed a single attorney to represent the child's best and legal interests and further "delegated to counsel the . . . [c]ourt's responsibility to determine whether a conflict in dual representation existed." ***Id***. (citations omitted). As such, we

---

[3] Section 2313 of the Adoption Act provides, in relevant part: "The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents." 23 Pa.C.S.A. § 2313(a).

vacated the involuntary termination decrees in that case and remanded for the orphans' court to fulfill its section 2313(a) duty.  ***See id.***

Like the order of appointment in ***A.C.M.***, in this case the orphans' court improperly delegated to Attorney Allgeier its responsibility to determine whether a conflict in Child's dual interests existed.  ***See*** Order, 12/4/24.  Therefore, on September 4, 2025, we remanded the instant matter for the orphans' court to clarify whether Attorney Allgeier may represent both the best interests and legal interests of Child and to provide a supplemental statement in response.  In the remand order, we emphasized that our Supreme Court has recognized that very young children are incapable of articulating a preference as to the outcome of the involuntary termination proceeding, such that there is a presumption that no conflict exists between a very young child's best interests and legal interests, and the GAL may advocate for such a child's dual interests.  ***See In re T.S.***, 192 A.3d 1080, 1092-93 (Pa. 2018).  However, we explained that the ***T.S.*** Court detailed that the Pennsylvania "Rules of Professional Conduct refer to 'children as young as five or six years of age . . . having opinions which are entitled to weight in legal proceedings concerning their custody.'"  ***Id***. at 1089 n.17 (citing Pa.R.P.C. 1.14, Explanatory Comment 1).  Here, Child was five years old at the time of the subject proceeding.

On September 22, 2025, the orphans' court filed a supplemental statement stating that, pursuant to this Court's remand order, it

held a hearing with all counsel regarding the . . . GAL's representation of Child. The GAL, Attorney Allgeier, . . . admitted that Child expressed his desire to see Mother and make sure that she is ok, but he did not want to live with her. This demonstrates Child's interest in ensuring the well-being of Mother which also verifies the bond between Mother and Child as testified to at the involuntary termination trial. As such, there is a potential conflict of interest between the best interests and legal interests of Child in this contested involuntary termination of parental rights proceeding.

\* \* \* \*

In the case at bar, Child turned five years old in January of 2025. Therefore, his opinion is entitled to weight in this legal proceeding. It is impossible for the court to distinguish between wanting to see Mother (and ensuring that she is okay) and wanting to live with her. Consequently, the court can only conclude that there is a potential conflict, if not an actual conflict, between Child's dual interests necessitating the appointment of separate counsel for Child to properly represent his legal interests in this case.

Supplemental Statement, 9/22/25, at 1-2 (cleaned up). Based on the court's supplemental statement, we hold that its failure to appoint counsel to represent Child's legal interests constitutes structural error in this case. *See* *In re T.S.*, 192 A.3d at 1082.

Accordingly, we vacate the order denying CYS's petition for the involuntary termination of Mother's parental rights to Child without prejudice. We remand to the orphans' court to appoint separate counsel to represent Child's legal interests within seven (7) days from the date of this order. *See* *K.M.G.*, 240 A.3d at 1233-34 (holding that "trial courts are obligated by Section 2313(a) to appoint counsel to serve the critical role of a child's attorney, zealously advocating for the legal interests of the child who

otherwise would be denied a voice in the termination of parental rights proceedings.") (citation omitted). Thereafter, we direct the orphans' court to promptly hold a *de novo* evidentiary hearing with respect to all of the statutory grounds alleged by CYS in the November 21, 2024 involuntary termination petition filed against Mother following its receipt of the certified record, which is to be remitted immediately to the orphans' court.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/7/2025